# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN WALSH, III,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-0486 |
| v. | : | (Mannion, D.J.) (Carlson, M.J.) |
| **U.S. HOUSE OF REPRESENTATIVES,** | : | |
| | : | |
| **Defendants** | | |

## M E M O R A N D U M

Before the court is the March 21, 2017 report and recommendation of Judge Carlson, (Doc. 4), recommending that the complaint of plaintiff John Walsh, III be dismissed for failure to state a claim.[1] The case arises from a complaint, (Doc. 1), filed *pro se* on March 20, 2017, in which Walsh sues defendants U.S. House of Representatives ("Congress"), alleging he has standing to sue as a citizen and taxpayer, and in which he seeks Congress to create "the best Health Care System in the World."[2] Walsh also filed a

---

[1] In his complaint, Walsh lists a P.O. Box in Naples, Florida as his address. (Doc. 1, p. 3). This address is also listed on the docket of this case. Walsh's exhibits attached to his complaint, (Doc. 1-1), show that in January 2017 he resided in Scranton, Pennsylvania, and that he has been in Florida since February 2017. As such, venue may not be proper in this district since none of the parties are located here and the claims did not arise here. *See* 28 U.S.C. §1391(b). Nonetheless, the court will not transfer this case since it is patently frivolous and there is no indication in the record that Walsh has permanently moved to Florida.

[2] As Judge Carlson states, Walsh is a prolific filer of civil actions in this court. In fact, Judge Carlson states that Walsh has filed more than 30 pro se lawsuits, seeking *in forma pauperis* status, with this court many of which have been found to be frivolous. Judge Carlson notes a partial list of numerous frivolous actions which Walsh has filed in the past. (Doc. 4, p. 11 n. 1).

motion to proceed *in forma pauperis* under 28 U.S.C. §1915(e)(2)(B)(ii) which Judge Carlson granted. (Doc. 2). On April 3, 2017, Walsh filed a nonsensical document in response to Judge Carlson's report titled "This is Heaven and I'm The Messiah and Bam! Your Not", (Doc. 5), in which he states that he has had as much as he can stand "in this silly court" and he requests that it "be cast down to the fires of hell for eternity." Walsh's 4-page response transgresses from there. The court will broadly construe Walsh's response as objections to Judge Carlson's report. As it is quite clear that Walsh's latest complaint does not raise a cognizable claim for several reasons as Judge Carlson explains, including legislative immunity, the court adopts the report of Judge Carlson and his recommendation that the complaint be dismissed with prejudice.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

2

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31."[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *1 (D.N.J. Feb. 27, 2015) (citing United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987)).

## II. DISCUSSION

To date, Walsh's complaint has not been served on defendants and no response to his complaint is due by the defendants at this time. In cases where the plaintiff has *in forma pauperis* status, United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state

3

a claim on which relief may be granted." §1915(e)(2)(B).*See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons thoroughly discussed in Judge Carlson's report, Walsh's complaint fails to state a claim upon which relief can be granted, and therefore, his complaint must be dismissed.

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of *pro se* litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. See Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

As Judge Carlson's report indicates, the complaint in this matter does

not provide a short and plain statement of the claim as required by Fed.R.Civ.P. 8. Thus, as Judge Carlson states dismissal is warranted since "Walsh's pleadings fail to satisfy these basic minimal pleading standards." (Doc. 4 at 8) (citing Binsack v. Lackawanna County Prison, 438 Fed. Appx. 158 (3d Cir. 2011)).

Moreover, as Judge Carlson recognizes, the Speech or Debate Clause of Article I in the U.S. Constitution "affords protection to United States Representatives and Senators in their official duties." Brawner v. Education Management Corp., 2012 WL 3064019, *9 (E.D.Pa. July 27, 2012). "When this legislative immunity applies, it is an absolute bar to suit." Id. (citing Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 503, 95 S.Ct. 1813 (1975)). Further, "[t]he immunity provided under the Speech or Debate Clause applies to 'legislators acting within the sphere of legitimate legislative activity.'" Id. at *10 (citing Eastland, 421 U.S. at 503). As Judge Carlson concludes, (Doc. 4 at 10), Walsh's lawsuit "which seeks by judicial fiat to direct a legislative outcome, violates the constitutional separation of powers embodied in the Speech and Debate clause." The power of Congress to create a national health care system falls squarely within the sphere of legislative functions protected by the Speech or Debate Clause. As such, legislative immunity is applicable and bars this suit.

Walsh's objections to Judge Carlson's report are completely without merit and lack any coherent argument as to how his complaint meets the

pleading requirements under Rule 12(b)(6).

The court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the court agrees with Judge Carlson's determination that Walsh should not be granted leave to amend his complaint. It would plainly be futile to give Walsh an opportunity to amend his pleading.

Finally, Judge Carlson recommends that the court conduct a show cause hearing to determine whether the court should impose a pre-filing injunction preventing Walsh from filing any pleadings, motions, or other papers with this court without approval of court based on his numerous prior frivolous filings which has cost this court considerable time and wasted valuable judicial resources. The court has previously warned Walsh that if he continued to file frivolous actions such a show cause order would be issued. Despite this warning, Walsh has continued to file frivolous actions.

"[A] District Court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and

(3) the injunction must be narrowly tailored to fit the specific circumstances of the case." Grossberger v. Ruane, 535 Fed.Appx. 84, 86 (3d Cir. 2013) (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). As Judge Carlson indicates, Walsh has "established a pattern of groundless and vexatious litigation," Chipps v. United States Dist. Ct. for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989), and his "filings are not only numerous, they are also without any merit." Grossberger , 535 Fed.Appx. at 86 (citing In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982)).

The court will refer the show cause proceedings to Judge Carlson for the preparation of a Report and Recommendation. *See* Switzer v. Thomas, 2013 WL 693090 (W.D.Va. Feb. 25, 2013).

## III. CONCLUSION

For the above reasons, the report of Judge Carlson, (Doc. 4), is **ADOPTED IN ITS ENTIRETY**. Walsh's objections, (Doc. 5), are **OVERRULED**. Walsh's complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 11, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0486-01.wpd