IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WALSH, III, | : | Civil No. 3:17-CV-486 |
| Plaintiff, | : | (Judge Mannion) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| U.S. HOUSE OF REPRESENTATIVES, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Statement of Facts and of the Case

This matter comes before the court for a determination regarding whether the filing privileges of the plaintiff should be curtailed and restricted. A show case order having been served upon Mr. Walsh, and the plaintiff having responded to this show cause order, this matter if now ripe for resolution. For the reasons set forth below, it is recommended that the court enter an order in this case requiring Mr. Walsh to obtain the prior approval of the court before lodging any new complaints relating to the same subject matter of his past frivolous litigation.

The plaintiff, John Walsh is a frequent, and frequently unsuccessful, *pro se* litigant, who has been the author of more than 30 quixotic *pro se* lawsuits filed with this court during the past several years. These lawsuits are often varied in their form,

1

and eccentric in their content, but frequently share a common, frivolous quality. Moreover, often upon scrutiny Walsh's lawsuits are little more than odd polemics reflecting random observations on life by Walsh, polemics which masquerade as litigation.

This case is the latest such lawsuit filed by Walsh. In this case, while the nature of Walsh's legal claim was murky, and the factual background of this lawsuit was obscure, Walsh's 4-page complaint described the plaintiff as a "*pro se* stakeholder, citizen, resident, customer taxpayer," and sought to sue the U.S. House of Representatives, seeking an order directing Congress "to do the 'Right Thing' thus creating the best Health Care System in the World." ( Doc. 1, p.3.) We granted Walsh leave to proceed *in forma pauperis*, but upon a screening review of this *pro se in forma pauperis* complaint, we recommended that the complaint be dismissed. We also recommended that the court consider instituting a show cause proceeding directing Walsh to show cause why his pleading privileges should not be curtailed or more carefully reviewed, given his penchant for frivolous filings. (Doc. 4.)

Walsh responded to this Report and Recommendation in a fashion which sadly simply underscored his loss of lucidity, filing a pleading captioned, "This is Heaven and I'm the Messiah and Bam! Your [sic] Not." (Doc. 5.) A review of this filing disclosed that the body of the pleading had no greater coherence than the caption of

this document, and further buttressed the need for some action to regulate Walsh's future filing privileges.

Accordingly, on April 11, 2017, the district court entered an order adopting this Report and Recommendation and further instructing us as follows:

> The court makes a referral to Judge Carlson to conduct show cause proceedings, affording Walsh notice and an opportunity to be heard, and to issue a Report and Recommendation as to whether the court should issue a pre-filing injunction against Walsh under 28 U.S.C. §1651(a),enjoining Walsh from filing any new civil action, motions, papers, or requests for relief in any civil actions in the Middle District of Pennsylvania without seeking and obtaining a court order allowing his filing.

(Doc. 7.)[1]

On April 18, 20017, we then entered an order which provided that: "on or before **May 18, 2017**, the plaintiff shall respond to this Order and show cause why he should not be required to obtain the prior approval of the court before lodging any new complaints relating to the same subject matter of past frivolous litigation. A failure to respond to this Order in a timely manner may be deemed a waiver of any opportunity to contest this show cause order." (Doc. 8, p.5.) Walsh has filed two pleadings in response to this order, albeit pleadings which simply underscore the need

---

[1]This type of referral has been specifically approved by the courts in the past. See In re Allen, 248 F. App'x 874, 876 (10th Cir. 2007).

3

for some restraints upon the plaintiff's untrammeled ability to bring lawsuits in federal court.

The first of these filings identifies the plaintiff as "John R. Walsh, III Messiah, Pro se," adopts a Biblical tone, announces that like Pontius Pilate Walsh washing his hands of this court, and states "you have no authority over me, I have but one authority My Heavenly Father." (Doc. 9.) The pleading closes by accusing the court of blasphemy and emphatically states that Walsh seeks no relief from the court. (Id.)

Walsh's second filing, once again, identifies the plaintiff in messianic terms, and is captioned "Secret to Life is Don't Argue With Idiots, This court is Those Idiot's [sic]." (Doc. 10.) The pleading itself seems to consist of nothing more than a series of confused and confusing aphorisms, including the following observations: "End Times ONLY the Beginning of New Times, Happy Days are around the corner"; "Tsunami of Butterflies are on the horizon as I clearly have stated in the past"; "I'm just a 'Saint of Circumstances'"; "State your peace and get out"; "We got ourselves WE the People an evolution"; "So long it's been good to know you!" (Id.) Walsh's pleading closes with the admonition that Walsh seeks to have "this court to show cause why they shouldn't Show Cause Not to sign my ORDER! STRAIGHT ON TOO!" (Id.)

Further, we are constrained to note that this show cause response is but the latest chapter in a recent litigation history in which Walsh has over the past several years filed dozens of increasingly bizarre and frivolous complaints with this court. This pattern of frivolous filings has continued unabated despite numerous admonitions from this court and, sadly, Walsh's pattern of frivolous filings has over time declined in coherence and rationality.[2]

---

[2]A partial list of these frivolous filings includes the following civil actions filed within the past year: 3:15-CV-1103,Walsh v. Walsh et al filed 06/05/15 closed 08/13/15; 3:15-cv-02012-ARC Walsh v. Walsh et al filed 10/16/15 closed 11/12/1; 3:15-cv-02122-RDM Walsh v. Summers et al filed 11/05/15 closed 02/11/16; 3:15-cv-02313-MEM Walsh v. Corbett filed 12/02/15 closed 12/02/15; 3:15-mc-00452-RDM Walsh v. Verrilli filed 10/05/15 closed 07/26/16; 3:16-cv-00503-RDM Walsh v. DeNaples et al filed 03/24/16 closed 05/17/16; 3:16-cv-00834-ARC Walsh v. Greater Scranton Young Mens Christian Association et al filed 05/10/16 closed 05/20/16; 3:16-cv-00872-RPC Walsh v. Rite Aid et al filed 05/13/16 closed 07/20/16; 3:16-cv-00950-ARC Walsh v. Munley filed 05/20/16 closed 06/21/16; 3:16-cv-00998-RPC Walsh v. Bambera, et al filed 05/26/16 closed 06/17/16; 3:16-cv-01234-NQA Walsh v. Conaboy et al filed 06/22/16 closed 07/12/16; 3:16-cv-01429-EMK Walsh v. Conaboy et al filed 07/13/16 closed 07/25/16; 3:16-cv-01430-EMK Walsh v Wilding, et al filed 07/11/16 closed 08/02/16; 3:16-cv-01440-EMK Walsh v. Pascal et al filed 07/13/16 closed 07/25/16; 3:16-cv-01460-EMK Walsh v. Alejandro filed 07/18/16 closed 07/27/16; 3:16-cv-01462-EMK Walsh v. Stark, 3:16-cv-01112-ARC Walsh v. Cardonick et al filed 06/10/16 closed 07/08/16; 3:16-cv-01223-EMK Walsh v. Deleeum filed 06/21/16 closed 07/20/16; 3:16-cv-01269-NQA Walsh v. Mariani et al filed 06/23/16 closed 07/12/16; 3:16-cv-01422-EMK Walsh v. Saporito et al filed 07/08/16 closed 08/09/16; 3:16-cv-01445-EMK Walsh v. McKee et al filed 07/13/16 closed 07/25/16; 3:16-cv-01452-EMK Walsh v. The Lynett Family filed 07/14/16 closed 07/27/16; 3:16-cv-01472-EMK Walsh v. Harhut et al filed 07/19/16 closed 07/22/16; 3:16-cv-01494-EMK Walsh v. Barrasse et al filed 07/20/16 closed 07/28/16; 3:16-cv-01495-EMK Walsh v. American Water et al

## II. Discussion

This court is not powerless to address this blizzard of erratic, frivolous and vexatious filings. Quite the contrary, we have an affirmative responsibility to ensure that the courts do not become encumbered with repeated, random, meritless matters filed litigants who are unable or unwilling to comply with the requirements prescribed by the law. In such instances, provided that the litigant is given prior notice and an opportunity to be heard, it is well settled that the court possesses the inherent authority to limit a frivolous filer's opportunities to burden the legal system with meritless filings, by requiring a frivolous filer to obtain the prior approval of the court before lodging any new complaints relating to the same subject matter of past frivolous litigation. See e.g., Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re Oliver, 682 F.2d 443 (3d Cir. 1982). In this regard, the courts have upheld narrowly tailored orders :

---

filed 07/21/16 closed 07/29/16; 3:16-cv-01498-EMK Walsh v. Fuentes et al filed 07/21/16 closed 07/29/16; 3:16-cv-01560-SHR Walsh v. Brazil et al filed 07/27/16 closed 08/01/16.

" 'directing that the litigant not file any . . . claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.' Abdul–Akbar, 901 F.2d at 333." Bush v. Philadelphia Police Dep't, 387 F. App'x 130, 133 (3d Cir. 2010).

In this case, we have now regrettably reached the point where such a limited and narrowly tailored order is now appropriate regulating Walsh's future civil filings. Over time, there has been a steady decline in the rationality of Walsh's filings. Walsh has proven that he is not amenable to lesser measures to curtail his frivolous filings, and Walsh's latest submissions have a confused and delusional quality which suggests that he will be unable to comply with future court instructions regarding the requirements for proper pleading in federal court.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the district court enter a narrowly tailored order: " 'directing that [Walsh] not file any . . . claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and

disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.' Abdul–Akbar, 901 F.2d at 333." Bush v. Philadelphia Police Dep't, 387 F. App'x 130, 133 (3d Cir. 2010).

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27st day of April, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
