# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN WALSH, III,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-0486 |
| v. | : | (Mannion, D.J.)<br>(Carlson, M.J.) |
| **U.S. HOUSE OF REPRESENTATIVES,** | : | |
| | : | |
| **Defendants** | | |

## O R D E R

On April 11, 2017, the court issued a Memorandum, (Doc. 6), and an Order, (Doc. 7), directing that the report of Judge Carlson, (Doc. 4), is **ADOPTED IN ITS ENTIRETY**, Walsh's objections, (Doc.5), are **OVERRULED**, and Walsh's complaint, (Doc.1), is **DISMISSED WITH PREJUDICE**.

However, the court did not close this case. Rather, the court referred this case to Judge Carlson to conduct show cause proceedings, affording Walsh notice and an opportunity to be heard, and to issue a Report and Recommendation as to whether the court should issue a pre-filing injunction against Walsh under 28 U.S.C. §1651(a),enjoining Walsh from filing any new civil action, motions, papers, or requests for relief in any civil actions in the Middle District of Pennsylvania without seeking and obtaining a court order allowing his filing.

On April 18, 2017, Judge Carlson issued a Show Cause Order, (Doc. 8), directing as follows:

> on or before **May 18, 2017**, the plaintiff [Walsh] shall respond to this Order and show cause why he should not be required to obtain the prior approval of the court before lodging any new complaints relating to the same subject matter of past frivolous litigation. A failure to respond to this Order in a timely manner may be deemed a waiver of any opportunity to contest this show cause order.

On April 24 and April 25, 2017, Walsh filed two nonsensical documents. (Doc. 9, Doc. 10). Neither document responded to Judge Carlson's Show Cause Order in a coherent fashion.

On April 27, 2017, Judge Carlson issued a Report and Recommendation in which he considered Walsh's two stated filings, (Doc. 9, Doc. 10), and "recommended that the court enter an order in this case requiring Mr. Walsh to obtain the prior approval of the court before lodging any new complaints relating to the same subject matter of his past frivolous litigation." (Doc. 11).

On May 16, 2017, Walsh filed a document entitled "Response To The Sad And Pathetic Correspondence From This Court Dated April 27, 2017." (Doc. 12). The clerk of court docketed this document as objections to Judge Carlson's report. The document consists of three pages, five exhibits attached which are merely statements by Walsh that do not make any sense. Neither the document itself nor the exhibits have any relevance to the Show Cause Order Judge Carlson issued. Indeed, none of Walsh's filings present a meritorious basis for opposing an injunction order.

2

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

This court, in its sound discretion, can impose restrictions upon a litigant's right to future litigation. *See* Abulkhair v. Liberty Mut. Ins. Co., 405 Fed.Appx. 570 (3d Cir. 2011).

3

In Grossberger v. Ruane, 535 Fed.Appx. 84, 86 (3d Cir. 2013), the Third Circuit stated:

> A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. *See* In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). However, a District Court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

The court has considered Walsh's responses to the Show Cause Order and to Judge Carlson's report. Based on Judge Carlson's report as well as Walsh's responses, which demonstrate that Walsh is continually abusing the judicial process, and that Walsh was given ample notice of a potential injunction and an opportunity to respond, the court agrees with Judge Carlson that "we have now regrettably reached the point where such a limited and narrowly tailored order is now appropriate regulating Walsh's future civil filings." (Doc. 11, p. 7). As such, the "extreme remedy" of a filing injunction is warranted based on Walsh's filings in this case as well as his filings in his numerous other cases in this court. *See* Abdul–Akbar, 901 F.2d at 332. In short, Walsh has "established a pattern of groundless and vexatious litigation." Grossberger, 535 Fed.Appx. at 86 (quoting Chipps v. United States Dist. Ct. for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989)). Moreover,

"[Walsh's] filings are not only numerous, they are also without any merit." Id. (citing In re Oliver, 682 F.2d at 446). Walsh was afforded notice and he had sufficient time to respond to a proposed injunction, both which satisfy due process requirements. Id. (citation omitted); Abulkhair, 405 Fed.Appx. at 575 ("It is settled that an injunction against filing 'should not be imposed by a court without prior notice and some occasion to respond.'") (quoting Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987)).

Since the court will issue an injunction, it must issue one "that is narrowly tailored to fit the circumstances of this case." Id. (citing Abdul–Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (allowing the district courts to issue an injunction that requires a litigant to obtain approval before making further filings); Chipps, 882 F.2d at 73 (limiting scope of injunction to a specific case, when the vexatious litigant's abuse was confined to that case)). As Judge Carlson suggests, the court will issue the following narrowly tailored injunction which the Third Circuit in Abdul-Akbar, 901 F.2d at 333, approved:

> directing that [Walsh] not file any [ ] claims without leave of court and that in seeking leave of court, [Walsh] certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.

Finally, on June 1, 2017, Walsh filed a 1-page document entitled "Motion for Final Judgment" in which he simply requests the court for

5

$150,000 in damages and for the court to order the return of his property, including his three tents, legal documents and pillow. (Doc. 14). However, Walsh fails to recognize that his complaint, (Doc.1), in this action was previously dismissed with prejudice. (Doc. 7). Thus, he is not entitled to judgment in his favor in this case. As such, Walsh's Motion for Final Judgment will be denied.

Accordingly, **IT IS HEREBY ORDERED THAT** the report of Judge Carlson, (Doc. 11), is **ADOPTED IN ITS ENTIRETY**. Walsh's objections, (Doc.12), are **OVERRULED**. **IT IS ALSO ORDERED THAT** Walsh's Motion for Final Judgment, (Doc. 14), is **DENIED**.

Further, **IT IS ORDERED THAT** Walsh may not file any claims without leave of court and that in seeking leave of court, Walsh must certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Walsh fails to file his certification as directed by the court or if he files a false certification, he may be found in contempt of court and punished according to the law.

Additionally, **IT IS HEREBY ORDERED THAT** the clerk of court shall refer any future claim which Walsh files to the assigned judge for pre acceptance review as to whether Walsh should be granted leave of court to file his claim based on the above directives.

Finally, **IT IS HEREBY ORDERED THAT** the clerk of court shall close this case.

S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 13, 2017**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-0486-01.wpd